IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02521-PAB-KAS

CHRISTOPHER RYAN DIMICK,

    Plaintiff,

v.

PAM BONDI, et al.,

    Defendants.

---

## ORDER

---

This matter comes before the Court on Plaintiff's Motion for a Temporary or Permanent Restraining Order Expedited Consideration Requested [Docket No. 29]. Plaintiff Christopher Ryan Dimick, who is proceeding pro se, filed this motion against various federal, state, and local government officials. Docket No. 29 at 1-3. The federal officials filed a response to the motion, Docket No. 40, as did the Utah state defendants. Docket No. 35. Mr. Dimick did not file a reply. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Given that Mr. Dimick does not have an attorney, the Court construes his pleadings liberally without acting as his advocate. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mr. Dimick's operative complaint alleges fourteen claims. Docket No. 9 at 19-35.[1] These fourteen

---

[1] Mr. Dimick filed a second amended complaint on February 27, 2025. Docket No. 28. The filing of the amended complaint does not appear to comply with either the

claims include allegations of various torts, violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and violations of the Americans with Disabilities Act, the Health Insurance Portability and Patient Protection Act, the Patriot Act, the Administrative Procedure Act, and federal and Utah identity theft laws.  *Id.*  Underlying these various claims is Mr. Dimick's apparent belief that that the Federal Bureau of Investigation, along with various other law enforcement and intelligence agencies, are engaged in efforts to unfairly investigate and harass him, including by wrongfully placing him on a terrorism watch list.  *Id.* at 3-4.

    Mr. Dimick's motion requesting a temporary or permanent restraining order does not, however, discuss any of these fourteen claims with any specificity.  Instead, the motion renews Mr. Dimick's general assertions that he has been wrongfully placed on a watch list, Docket No. 29 at 12-13, and adds an assertion that law enforcement officials are receiving cash bonuses in exchange for putting him on the watch list.  *Id.* at 13.  Mr. Dimick's motion asks for either a temporary or permanent restraining order, but does not otherwise discuss the nature or scope of the injunctive relief that he seeks.  *Id.* at 35.

---

Federal Rules of Civil Procedure or the Local Rules.  *See* Fed. R. Civ. P. 15; D.C.COLO.LCivR 15.1.  A motion filed by the Utah state defendants complaining of this violation and seeking to designate Docket No. 9 as the operative complaint is currently pending before the assigned magistrate judge.  *See* Docket No. 34.  Even if the Court were to consider Docket No. 28 as the operative complaint, the Court finds that version of the complaint to make essentially the same allegations as the prior complaint.  Thus, any distinction between the two versions of the complaint is immaterial for the purposes of the Court's order on the present motion.

2

To succeed on a motion for a preliminary injunction,[2] Mr. Dimick must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). Mr. Dimick's motion does not discuss any of the four factors required for the Court to grant injunctive relief. The failure to discuss the four factors is, by itself, a sufficient reason to deny Mr. Dimick's motion, as Mr. Dimick is the party who has the burden to show why injunctive relief should be granted. Moreover, the Court does not find anything in the motion that explains why Mr. Dimick is likely to succeed on the merits of his claims or explains why he faces irreparable harm between now and the time that this case would

---

[2] Mr. Dimick asks for either a temporary or permanent restraining order. Docket No. 29 at 35. As the Federal Rules of Civil Procedure do not provide for a permanent restraining order, and the defendants have notice of Mr. Dimick's motion, the Court will construe the motion as one seeking a preliminary injunction. Even if the Court were to treat Mr. Dimick's motion as seeking a temporary restraining order, the same legal considerations discussed in this order would apply. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

be resolved on the merits.  Thus, because Mr. Dimick has failed to demonstrate a likelihood of success on his claims or demonstrate irreparable harm before this matter could be resolved, the Court will deny Mr. Dimick's motion.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for a Temporary or Permanent Restraining Order Expedited Consideration Requested [Docket No. 29] is **DENIED**.

DATED April 9, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4